1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RIDDICK, ET AL.,                              No.  2:12-cv-02033-KJM-AC

12                    Plaintiff,

13         v.                                        ORDER

14    AT&T INC., ET AL.,

15                    Defendants.

16

17         This action was referred to the undersigned pursuant to Local Rule 302(c)(21).  Plaintiff

18    Valerie Lynn ("Plaintiff Lynn") filed a motion for permission for electronic case filing on August

19    8, 2014.  ECF No. 46.  On August 14, 2014, Plaintiffs June Riddick, Patricia Hardy, Natalie

20    Maderos, Valerie Lynn, and Lisa Vales ("Plaintiffs") filed a motion for leave to amend in order to

21    add defendants AT&T Advertising Solutions, AT&T Advertising & Publishing, AT&T Yellow

22    Pages, AT&T Real Yellow Pages, AT&T California, Pacific Bell Directory, SBC Directory, SBC

23    Directory Operations, SBC Yellow Pages, YP Western Directory LLC, YP Holdings LLC, and

24    Cerberus Capital Management.  ECF No. 48.  For the reasons stated below the Court grants

25    Plaintiff Lynn's motion for permission for electronic case filing in part and grants Plaintiffs'

26    motion for leave to amend.

27                          PROCEDURAL BACKGROUND

28         Plaintiffs filed their original complaint on August 2, 2012, claiming that defendant AT&T

1

1  had violated the California Fair Employment and Housing Act, Government Code § 12900 *et*

2  *seq.*; Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*; and the Age Discrimination in

3  Employment Act, 29 U.S.C. § 621 *et seq.*  ECF No. 1.  On December 18, 2012, Plaintiffs filed

4  their first amended complaint in order to add YP Western Directory LLC as a defendant.  ECF

5  No. 11.  On January 2, 2013, defendant AT&T filed its answer to Plaintiffs' first amended

6  complaint.  ECF No. 13.  On June 9, 2013, the Court granted Plaintiffs' motion to substitute so

7  that Plaintiffs could proceed pro se.  ECF No. 33–37.  On August 8, 2014, Plaintiff Lynn filed a

8  motion for permission for electronic case filing.  ECF No. 46.  On August 14, 2014, Plaintiffs

9  filed a motion for leave to amend, seeking to add defendants to their amended complaint.  ECF

10  No. 48.

11                                         DISCUSSION

12         Plaintiff Lynn filed her motion for permission for electronic case filing to be able to

13  electronically file court documents on behalf of both herself and the remaining plaintiffs.  ECF

14  No. 46.  The law requires that only parties themselves, or their legal counsel as permitted by court

15  rule, may plead and conduct their litigation.  28 U.S.C. § 1654.  Further, Rule 11, Federal Rules

16  of Civil Procedure, requires that all pleadings and motions be signed by the party or his attorney.

17  In California, individuals are prohibited from legally representing others unless they are active

18  members of the state bar.  Cal. Bus. & Prof. Code § 6125.  To the extent that Plaintiff Lynn seeks

19  the Court's permission to electronically file documents on behalf of her co-plaintiffs the Court

20  denies her request because doing so would constitute the unauthorized practice of law.  However,

21  the Court grants the request to the extent that Plaintiff Lynn seeks the Court's permission to

22  electronically file documents on her own behalf alone.

23         Plaintiffs have also filed a motion for leave to file an amended complaint to replace "John

24  Does" with named defendants.  "As a general rule, the use of 'John Doe' to identify a defendant

25  is not favored."  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  However, the Ninth

26  Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff

27  should be given an opportunity through discovery to identify the unknown defendants, unless it is

28  clear that discovery would not uncover the identities or that the complaint would be dismissed on

1   other grounds.  Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie,

2   629 F.2d at 642).  Once plaintiff has learned Doe defendants' identities through discovery, he

3   may move to file an amended complaint to add them as named defendants.  See Brass v. Cnty. of

4   Los Angeles, 328 F.3d 1192, 1195–98 (9th Cir. 2003).  Federal Rule of Civil Procedure 15(a)

5   allows a party to amend his complaint by leave of the court at any time, and that leave "shall be

6   freely given when justice so requires."  Plaintiffs have used discovery to identify previously

7   unknown defendants in a timely manner.  Accordingly, the Court grants Plaintiffs' motion for

8   leave to amend their complaint to add defendants AT&T Advertising Solutions, AT&T

9   Advertising & Publishing, AT&T Yellow Pages, AT&T Real Yellow Pages, AT&T California,

10  Pacific Bell Directory, SBC Directory, SBC Directory Operations, SBC Yellow Pages, YP

11  Western Directory LLC, YP Holdings LLC, and Cerberus Capital Management.

12       Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that:

13       1.   Plaintiff's motion for permission for electronic case filing (ECF No. 46) be granted

14  in part; and

15       2.   Plaintiffs' motion for leave to amend (ECF No. 48) be granted.

16  DATED: September 3, 2014

17  _____
    ALLISON CLAIRE

18  UNITED STATES MAGISTRATE JUDGE

3