UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNE RIDDICK; PATRICIA HARDY; NATALIE MADEROS; VALERIE LYNN; and LISA VALES, | No. 2:12-cv-02033-KJM-AC |
| Plaintiffs, | ORDER |
| v. | |
| AT&T; YP WESTERN DIRECTORY LLC, | |
| Defendant. | |

Before the court are three motions: (1) plaintiffs' ex parte application for reopening discovery, Pls.' Application Reopen Discovery, ECF No. 91; (2) plaintiffs' motion for sanctions for spoliation of evidence, Pls.' Mot. Sanctions, ECF No. 93; and (3) plaintiffs' ex parte application to strike defendant's motion for summary judgment, Pls.' Application Strike, ECF No. 102. Defendant opposes all three filings. Resp. to Application Reopen Discovery, ECF No. 94; Opp'n to Application Reopen Discovery, ECF No. 95; Opp'n Mot. Sanctions, ECF No. 99; Opp'n Application Strike, ECF No. 105. Plaintiffs have filed a reply on the motion for sanctions. Reply Mot. Sanctions, ECF No. 102. For the reasons explained below, the court DENIES all three motions.

1

I.     MOTIONS FOR SANCTIONS AND FOR REOPENING DISOVERY

Plaintiffs' motions all centrally rely on defendant's alleged spoliation of evidence. On the basis of a November 22, 2016, deposition of defendant's Person Most Qualified (PMQ), plaintiffs allege defendant "retired" the JOBS system used to keep track of job openings relevant to plaintiffs' case. *See, e.g.*, Pls.' Application Reopen Discovery 12–13; Pls.' Mot. Sanctions 11–12. Plaintiffs argue sanctions are appropriate because defendant YP Western Directory, LLC ("YP") destroyed evidence within its control despite having prior knowledge of the relevance of the JOBS system documents to the instant case. Pls.' Mot. Sanctions 14–26. Plaintiffs further ask for a reopening of discovery to "explore the full scope of YP's discovery misconduct" and to re-notice depositions of YP's PMQ to fully address YP's investigation into, and preservation of, the JOBS system. Pls.' Application Reopen Discovery 22–23. In light of these two pending motions, plaintiffs additionally move to strike defendant's recently-filed motion for summary judgment. Pls.' Application Strike 7–9.

None of plaintiffs' motions are justified on the basis of defendant's destruction of evidence. As defendant explains, the JOBS system data still exist, but the JOBS system is controlled by another entity, AT&T Services, Inc., which was dismissed from this case in 2015. Opp'n Mot. Sanctions 1, 8; *see also* Min. Order Nov. 3, 2015, ECF No. 67 (adopting stipulated dismissal of AT&T Inc.). Defendant's declaration from Jennifer Reyes confirms the retired JOBS system still exists and confirms that she, as a senior manager at AT&T Services, Inc., has access to it. *See* Reyes Decl. ¶¶ 3–4, ECF No. 99.[1] The continued existence of the JOBS system is fatal to plaintiffs' motion for sanctions for spoliation, as there is no indication the underlying evidence has been destroyed and the evidence is to the contrary. Similarly, plaintiffs' motion for reopening of discovery to take discovery from YP is not justified, because plaintiffs cannot reasonably expect additional information from YP about a system that YP did not destroy and over which YP does not have access or control.

---

[1] Because the court finds defendant's non-disclosure was substantially justified, the court denies plaintiffs' request to strike the Reyes declaration under Federal Rule of Civil Procedure 37(c)(1) for failure to identify Reyes as a potential witness. *See* Reply Mot. Sanctions 7.

Accordingly, the court DENIES plaintiffs' motion for sanctions[2] and DENIES plaintiffs' ex parte application for reopening discovery.

II.     MOTION TO STRIKE

The court also finds defendant's filing of its motion for summary judgment on December 30, 2016, was timely. The court adopted the parties' stipulation when it ordered discovery to close by November 28, 2016, and required dispositive motions to be heard no later than January 27, 2017. Am. Scheduling Order, ECF No. 85. According to plaintiffs' interpretation of these dates, under Federal Rule of Civil Procedure 56, which requires a motion for summary judgment to be filed no later than 30 days after the close of discovery, defendant must have filed its dispositive motion by December 28, 2016. Pls.' Application Strike 6 (citing Fed. R. Civ. P. 56(b)). In contrast, according to defendant's interpretation, under Local Rule 230(b), which requires a motion be filed no later than 28 days prior to the scheduled hearing, defendant must have filed its dispositive motion by December 30, 2016. Opp'n Application Strike 3. Defendant argues the scheduling order modified the timelines provided by Rule 56, and that defendant's filing on December 30, 2016, was therefore timely. *Id.* (citing *Dev v. Donahoe*, 2:11-CV-2950-JAM-EFB, 2013 WL 866493 (E.D. Cal. Mar. 7, 2013); *Johnson v. Baca*, CV1304496MMMAJWX, 2014 WL 12469916 (C.D. Cal. Sept. 11, 2014)).

The scheduling order, read in conjunction with Local Rule 230, does in fact modify the timelines contemplated by Rule 56. The parties' stipulated final date for a dispositive motion hearing implicitly set the filing deadline 28 days prior, in accordance with Local Rule 230. Moreover, plaintiffs have not shown how a two-day delay, if there were a delay, causes prejudice, and instead relies only on the "strict technical dictates of the Federal and Local Rules." Pls.' Application Strike 7. The court DENIES plaintiffs' application.

Moreover, plaintiffs' request for additional time based on their two other motions is not supported by the current record. Both motions are now decided without hearing and prior to

---

[2] The court declines to address plaintiffs' separate argument for sanctions, introduced in reply, that YP withheld documents within its control. Reply Mot. Sanctions 8–9. The court's ruling here is without prejudice to renewal of this argument in a proper motion.

the opposition deadline.  Plaintiffs may, of course, incorporate briefing based on Federal Rule of Civil Procedure 56(d) in any opposition.  Accordingly, the court DENIES plaintiffs' ex parte application to strike defendant's motion for summary judgment.

III.   CONCLUSION

The court DENIES plaintiffs' ex parte application for reopening discovery, their motion for sanctions for spoliation of evidence, and their ex parte application to strike defendant's motion for summary judgment.

This resolves ECF Nos. 91, 93, 102.

IT IS SO ORDERED.

DATED:  January 9, 2017.

_____
UNITED STATES DISTRICT JUDGE